# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JAMES JONATHAN SIZER, etc.,

    Plaintiff,

v.

Case No. 3:19-cv-630-J-32JBT

RUSSELL KENNETH FARRELL,
etc., et al.,

    Defendants.

## **O R D E R**

Pro se plaintiff James Sizer filed a complaint on May 29, 2019, alleging that the defendants illegally discriminated against him in violation of the Americans with Disabilities Act ("ADA") when they failed to come through on promises made as part of a business deal (Doc. 1). Concerned that the complaint did not state a claim under the ADA and that there did not appear to be another basis for the Court to exercise subject matter jurisdiction,[1] the Court directed plaintiff to consider whether his case ought to instead be filed in state court. Barring that, he was directed to file an amended complaint with

---

[1] Although Sizer also alleged diversity jurisdiction, it appears all parties are citizens of Florida, in which event diversity jurisdiction is not available.

allegations supporting subject matter jurisdiction.[2] See Order, Doc. 4. Plaintiff has now filed an amended complaint (Doc. 7),[3] as well as a motion for summary judgment (Doc. 9) in which he argues that the facts and procedural history of the case and defendants' business practices support granting Sizer summary judgment.

The Court must dismiss a complaint if the allegations fail to demonstrate a basis for exercising federal subject matter jurisdiction. See, e.g., Miccosukee Tribe of Indians v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1273, 1277 (11th Cir. 2010). Upon review of the file, the Court finds there is still no basis for it to exercise subject matter jurisdiction. It appears Sizer is attempting to sue the defendants under Title I of the ADA, which generally prohibits discrimination against disabled individuals with regard to the terms, conditions, and privileges of their employment.[4] See 42 U.S.C. § 12112(a);

---

[2] The Court also directed Mr. Sizer to various resources for pro se litigants.

[3] Pro se defendant Russell Kenneth Farrell filed a motion to dismiss Sizer's complaint based on Sizer's failure to file his amended complaint by the deadline. See Doc. 8. The Clerk did not receive Sizer's amended complaint until July 22, 2019, so it was one business day late. Farrell's motion is moot based on the result here.

[4] Title I of the ADA covers discrimination in employment; Title II covers public services and agencies; and Title III covers discrimination in places of public accommodation. PGA Tour, Inc. v. Martin, 532 U.S. 661, 675 (2001). There are no allegations here that would even tangentially support an ADA claim under Titles II or III.

D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1227 (11th Cir. 2005). However, Sizer fails to allege any of the many predicates that would be necessary to bring such a claim. For example, Sizer has not alleged that he was ever employed by or was being considered for employment by the defendants (Title I of the ADA does not protect independent contractors). See Aberman v. J. Abouchar & Sons, Inc., 160 F.3d 1148, 1150 (7th Cir. 1998); Schofield v. Atlanta Women's Med. Ctr., Inc., No. 1:13-cv-3340-SCJ, 2015 WL 13653081, at *7 (N.D. Ga. Mar. 3, 2015). Moreover, Sizer does not allege what disability he has or was perceived as having, how it affects or was perceived to affect any major life activity, how he was otherwise qualified for the position, or how the defendants' actions were "because of" that disability. See, e.g., Mazzeo v. Color Resolutions Int'l, LLC, 746 F.3d 1264, 1268 (11th Cir. 2014) (setting forth some of the requirements for an ADA employment discrimination claim). Additionally, he names as defendants the company's CEO and an assistant, but generally only the corporate entity can be sued (and only those with at least 15 employees). See, e.g., Mason v. Stallings. 82 F.3d 1007, 1009 (11th Cir. 1996); 42 U.S.C. § 12111(5)(A). These are just a few examples of what would be necessary to state a claim under Title I of the ADA. In short, even according him the leniency to which pro se litigants are entitled (see, e.g., Campbell v. Air Jamaica, 760 F.3d 1165, 1168-69 (11th Cir. 2014)), Sizer's complaint does not state a claim under the ADA.

3

To the extent Sizer is trying to raise state law claims, the Court cannot hear those because there is no diversity jurisdiction. Sizer's new allegation about the Privacy Act fails to state a basis for exercising jurisdiction as the statute he cites (5 U.S.C. § 552a) has to do with disclosure of private information by government agencies. Moreover, all Sizer alleges is that his social security number was given to defendants (presumably by Sizer himself). He does not allege the defendants have disclosed it to third parties or that they have used his social security number for some improper purpose.

The Court is not permitted to rewrite plaintiff's complaint for him, Campbell, 760 F.3d at 1168-69, nor could it in this instance as the Court sees no basis for this dispute to be in federal court. Rather, this case has the markings of a state court matter relating to an alleged breach of contract and the Court again encourages plaintiff to seek relief through that avenue if he believes he has grounds to do so. In the Court's previous order, Sizer was given an opportunity to file an amended complaint and was advised that if his amended complaint did not state a basis for the Court to exercise subject matter jurisdiction, his case would be dismissed. Because Sizer has not presented an amended complaint or any other document which supports subject matter jurisdiction, it is hereby

4

**ORDERED:**

This case is **dismissed without prejudice** for lack of subject matter jurisdiction. The pending motions are terminated and the Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of September, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Pro se parties

5